**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Jonathan Behar, Trustee of the Estate of Brandon Truaxe,<br><br>Plaintiff,<br><br>vs.<br><br>Cutter Southwest Aircraft Sales LLC, et al.,<br><br>Defendants. | No. CV-19-05178-PHX-SPL<br><br>**ORDER** |

Before the Court is Plaintiff Jonathan Behar's Application for Reimbursement of his Attorneys' Fees and Costs (the "Application"). (Doc. 17) As follows, the application will be granted.

On September 13, 2019, Defendants filed a Notice of Removal, removing this matter from state to federal court. (Doc. 1) On September 19, 2019, Plaintiff filed a Motion to Remand (Doc. 12) and on September 24, 2019, Defendants filed a Motion to Withdraw the Notice of Removal. (Doc. 13) Following briefing on the issue of removal and remand, the Court remanded the matter to state court and ordered Plaintiff to file an application for attorneys' fees and costs related solely to the issue of removal and remand pursuant to 28 U.S.C. § 1447(c). (Doc. 16 at 3) Plaintiff filed such application (Doc. 17) and Defendants responded with several arguments against the application (Doc. 19) to which Plaintiff replied (Doc. 21).

The Court has already found that Plaintiff is entitled to recover "just costs and any

actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). (Doc. 16 at 2–3) The Court has considered Defendants' arguments opposing the Application and finds they lack merit. It will summarily address those arguments below.

### 1. Rule 54.2

Local Rule 54.2 applies to applications for attorneys' fees and related non-taxable expenses in this District. There are several exceptions to the application of the rule, and one is dispositive of Defendants' argument on this issue: rule 54.2 does not apply "to claims for attorneys' fees and related non-taxable expenses which may be recoverable as an element of damages." LRCiv 54.2(a). The Court ruled that Plaintiff was entitled to recover fees and expenses because the removal was improper, and Defendants lacked an objective reasonable basis for removal. (Doc. 16 at 2) The purpose of 28 U.S.C. 1447(c) is to provide compensation to the plaintiff when removal was improper, causing plaintiff to incur attorneys' fees and related expenses in opposing the removal. It is a deterrent for improper removals. Awarding the attorneys' fees and related non-taxable expenses is therefore an element of damages created to make plaintiff whole. Accordingly, Local Rule of Civil Procedure 54.2 is not applicable to Plaintiff's Application.

### 2. Pro Hac Vice Admissions and Recovery of Fees

Defendants next argue that the fees charged by Plaintiff's California attorneys from Pepper Hamilton, LLP cannot be recovered because "decisional law is clear that fees are not recoverable under the circumstances where fees are claimed by firms which are not counsel of record, as here." (Doc. 19 at 4–5) The Court does not find this argument persuasive. Indeed, the two Pepper Hamilton attorneys who submitted fees as part of the application were admitted *pro hac vice* by the Court on October 24, 2019. Furthermore, the cases cited by Defendants involved attorneys who were never admitted at all, *pro hac vice* or otherwise, and some of them were not even in good standing in their original jurisdiction of practice. This is not the case here as the Pepper Hamilton's attorneys complied with all requirements to be admitted *pro hac vice* by the Court and were so admitted. Accordingly, the Court finds that their fees are recoverable by Plaintiff.

**3. Reasonableness of fees**

Defendants' counsel finally argue that the whole process of fighting the removal should have taken Plaintiff's counsel four hours and that Defendants bill $315.00 per hour for partners which means that the fee award should be $1,260. (Doc. 19 at 5) The Court finds this argument unpersuasive and odd. It is true that one basis for the award calculation is the hourly rate charged by attorneys and whether it is reasonable taking into account various factors such as experience and location of practice. The fact that Defendants' attorneys bill at this rate does not negate that the hourly rates set forth by Plaintiff's counsels are reasonable. There is no rule that the rates should be equal or set by what defense counsel bills. The Court finds that the hourly rate charged by Plaintiff's counsel are reasonable. Furthermore, the Pepper Hamilton attorneys are based on California where rates are substantially higher than Arizona. Having reviewed the parties' filings, the Court concludes that $14,123.35 is the total amount of fees and costs incurred as a result of removal.

Accordingly,

**IT IS ORDERED** that the Application for Award of Attorneys' Fees and Costs (Doc. 17) is **granted**.

**IT IS FURTHER ORDERED** that Jonathan Behar is awarded **$14,077.00** in fees and **$46.35** in costs pursuant to 28 U.S.C. § 1447(c).

**IT IS FURTHER ORDERED** that the Clerk of Court shall terminate this case.

Dated this 26th day of March, 2020.

Honorable Steven P. Logan
United States District Judge